# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE: GLENN S. BROWN
and MARSHA L. BROWN,

      Debtors.

Bankruptcy Case No. 3:17-bk-02262-PMG

---

GLENN S. BROWN and MARSHA L. BROWN,

      Appellants,

v.

GREGORY K. CREWS, in his capacity as
CHAPTER 7 TRUSTEE,

      Appellee.

Case No. 3:18-cv-415-J-34

---

# **O R D E R**

**THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

On June 20, 2017, Glenn S. Brown and Marsha L. Brown (Appellants) filed a petition for relief under Chapter 7 of Title 11 of the United States Code. Gregory K. Crews (Appellee), in his capacity as Chapter 7 Trustee, initiated an Adversary Proceeding in bankruptcy court by filing a Complaint Objecting to Debtors' Discharge Under 11 U.S.C. § 727 (Bankr. Doc. 1; Bankruptcy Complaint) on September 26, 2017. On December 1, 2017, two months after Appellee initiated the Adversary Proceeding, the bankruptcy court entered an Order of Conditional Dismissal for lack of prosecution, in which the court gave

Appellee twenty-one (21) days to file and serve a response stating why the Court should not dismiss the Adversary Proceeding for lack of prosecution. Counsel for Appellee did not respond to the Order of Conditional Dismissal within the twenty-one (21) days, and on December 26, 2017, the court closed the Adversary Proceeding. The following month, on January 10, 2018, Appellee filed a Motion for Reconsideration of Order of Conditional Dismissal (Bankr. Doc. 8; Bankruptcy Motion) seeking reconsideration and/or abatement of the Conditional Order of Dismissal on the basis of excusable neglect. The Honorable Paul M. Glenn, United States Bankruptcy Judge for the Middle District of Florida, held a hearing on the Bankruptcy Motion on March 7, 2018, and on March 13, 2018 granted the Bankruptcy Motion, "based on the arguments of counsel, and for the reasons stated on the record at the hearing." See Order Granting Motion to Reopen Adversary Proceeding (Bankr. Doc. 21; Bankruptcy Order).

Appellants seek leave to appeal the Bankruptcy Order, see Notice of Appeal (Doc. 1; Notice), and filed Defendant's Motion for Leave to Pursue Interlocutory Appeal (Doc. 2; Motion) in support of their request for review on March 29, 2018. Appellee filed his opposition to the Motion on May 25, 2018. See Response in Opposition to Defendants' Motion for Leave to Pursue Interlocutory Appeal (Doc. 5; Response). Thus, the Motion is ripe for the Court's review.

Pursuant to 28 U.S.C. § 158(a)(1), district courts have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy court judges. District courts also have jurisdiction, with leave of the court, to hear appeals from interlocutory orders. 28 U.S.C. § 158(a)(3). Appellants do not dispute that the Bankruptcy Order they seek to appeal is a non-final, interlocutory order. Indeed, they label the appeal as interlocutory and filed the

2

Motion, thereby acknowledging that the Order is not final and cannot be appealed without leave of Court.

A party seeking review of an interlocutory order or decree may request that the district court exercise discretionary jurisdiction under § 158(a)(3). Rule 8004 of the Federal Rules of Bankruptcy Procedure (Rule(s)) governs the filing of such a request in the form of a motion for leave to appeal, and states:

> A motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum.

Fed. R. Bankr. P. 8004(b)(1). Although the Motion facially satisfies the requirements of Rule 8004, the Court determines that the relief requested, permission to pursue an interlocutory appeal of the Bankruptcy Order, is due to be denied.

The statute authorizing the exercise of discretionary jurisdiction over an interlocutory order, § 158, does not contain a standard for determining when courts should allow interlocutory appeals. As a result, courts look to the standards set forth in 28 U.S.C. § 1292(b), which govern a district judge's determination of whether an interlocutory order should be the subject of an immediate appeal to the circuit court of appeals. In re Celotex Corp., 187 B.R. 746, 749 (M.D. Fla. 1995) (citing In re Charter Co., 778 F.2d 617, 620 (11th Cir. 1985)). "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." Id. The party seeking

to appeal an interlocutory order must satisfy all three elements or leave to appeal must be denied. In re Pac. Forest Prods. Corp., 335 B.R. 910, 919 (S.D. Fla. 2005).

For purposes of § 1292(b), a question of law is appropriate for interlocutory review if it is a question of "pure law," that is one that an appellate court can resolve "quickly and cleanly without having to study the record." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000)). The second element, a substantial difference of opinion, is met if "at least two courts interpret the relevant legal principle differently." Figueroa v. Wells Fargo Bank, N.A., 382 B.R. 814, 824 (S.D. Fla. 2007). "It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue." Pac. Forest Prods. Corp., 335 B.R. at 922. Notably, there cannot be a substantial difference of opinion as to a legal principle if there is controlling authority in the bankruptcy court's jurisdiction. Id. The third element requires "that the resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1259.

"Interlocutory review is generally disfavored for its piecemeal effect on cases." Pac. Forest Prods. Corp., 335 B.R. at 919 (citing United States v. MacDonald, 435 U.S. 850, 853 (1978)). In the context of § 1292(b), the Eleventh Circuit has explained that interlocutory "appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259. The court has instructed:

> The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case. In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed. The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case.

Id.

In this case, Appellants utterly failed to address the legal standard for interlocutory appeal outlined in 28 U.S.C. § 1292(b). See Celotex Corp., 187 B.R. at 749. Moreover, the Court identifies no controlling issue of law to be determined in this case. Rather, Appellants seek to challenge the bankruptcy court's finding that Appellee established excusable neglect as an abuse of discretion, not because of any disputed issue of law. A party seeking to appeal must satisfy all three elements of the standard set forth in 28 U.S.C. § 1292(b), and because Appellants failed to identify a controlling question of law, leave to appeal must be denied. Pac. Forest Prods. Corp., 335 B.R. at 919. As such, the Court declines to exercise its discretionary jurisdiction over this interlocutory appeal.

Accordingly, and after due consideration, it is hereby **ORDERED:**

1. Defendant's Motion for Leave to Pursue Interlocutory Appeal (Doc. 2) is **DENIED**.

2. This appeal is **DISMISSED** for lack of appellate jurisdiction.

3. The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of July, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

i41

Copies to:

Honorable Paul M. Glenn, United States Bankruptcy Judge

Counsel of Record

6